# EXHIBIT 1

*to*

*Declaration of David K. Lietz*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DAVONNA JAMES, individually and on behalf
of all others similarly situated,

                              Plaintiff,            Case No.: 1:21-cv-06544

       -against-                           **SETTLEMENT AGREEMENT**

COHNREZNICK LLP,
                         Defendant.

--------------------------------------------------------X

       This Settlement Agreement is made and entered into by and among the following Settling Parties (as defined below): (i) Davonna James ("Representative Plaintiff"), individually and on behalf of the Settlement Class (as defined below), by and through her counsel at Mason Lietz & Klinger, LLP and Clayeo C. Arnold, A Professional Law Corp. (collectively "Proposed Settlement Class Counsel" or "Class Counsel"); (ii) CohnReznick LLP ("CohnReznick" or "Defendant"), by and through its counsel of record, Gordon Rees Scully Mansukhani, LLP.

       The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

## I.    THE LITIGATION

       On or about February 26, 2021 through on or about March 5, 2021, CohnReznick was the victim of a data incident in which criminals gained access to one of CohnReznick's employees' email accounts, which contained certain information provided by CohnReznick's client Genesis Corp. ("Genesis"), such as individuals' personally identifiable information ("PII") (hereinafter, the "Data Incident"). CohnReznick discovered the Data Incident on or about March 19, 2021, and promptly remediated the Data Incident, including conducting a forensic investigation with leading

cybersecurity consultants to determine the full nature and scope of the Data Incident.  The forensic investigation and CohnReznick's internal investigation efforts confirmed that the Data Incident was limited to one (1) employee's email account and did not impact any other email accounts or CohnReznick's servers and/or workstations.  While the forensic investigation and CohnReznick's internal investigation efforts did not identify any evidence that any information contained within the impacted email account was actually accessed or acquired as a result of the Data Incident, in an abundance of caution, CohnReznick undertook a comprehensive review of the entire contents of the mailbox to identify any personal information contained therein.  On or about May 6, 2021, CohnReznick completed this comprehensive review process.

Beginning on or about May 14, 2021, CohnReznick, on behalf of Genesis, provided all potentially impacted individuals with notice of the Data Incident, as well as applicable regulating entities.  In total, CohnReznick, on behalf of Genesis, provided notice to 2,219 individuals.  In the notification letter, CohnReznick indicated that, as a result of the Data Incident, "an unauthorized actor may have had access to certain emails and attachments within the Account" and that CohnReznick "cannot determine if any particular email or attachment was viewed."  Further, the notification letter detailed CohnReznick's investigation and restoration efforts, and provided an offer of a complimentary 24-month membership to credit monitoring and identity theft protection services through Kroll.

On or about August 2, 2021, Representative Plaintiff filed her complaint for a putative class action against CohnReznick.  The complaint ("Complaint") asserts five causes of action, all of which allegedly arise from the Data Incident: (1) negligence; (2) negligence *per se*; (3) violation of the California Consumer Privacy Act; (4) declaratory judgment; and (5) unjust enrichment.  Representative Plaintiff seeks to represent a putative class defined as "all natural persons residing

in the United States whose PII was compromised in the Data Breach which occurred between February 26, 2021 and March 5, 2021 and announced on or about June 1, 2021," as well as a California sub-class defined as "all natural persons residing in California whose PII was compromised in the Data Breach which occurred between February 26, 2021 and March 5, 2021 and announced on or about June 1, 2021."  Further, on or about July 26, 2021, Representative Plaintiff, through her counsel, sent a notice under the California Consumer Privacy Act alleging violations of the California Consumer Privacy Act and demanding that the alleged violations be cured.

On or about August 25, 2021, CohnReznick, through its counsel, responded to Representative Plaintiff's July 26, 2021 notice that: (1) Representative Plaintiff failed to provide the requisite 30-day notice prior to commencing her lawsuit; (2) the notice fails to provide support for the allegation that Plaintiff's personal information was subject to unauthorized access; and (3) any alleged breach of the California Consumer Privacy Act had been cured by CohnReznick. Representative Plaintiff and CohnReznick agreed that an early resolution of the above-captioned litigation (the "Litigation") was warranted, and engaged in settlement discussions through their counsel.  A Confidential Settlement Term Sheet was fully executed on or about February 8, 2022. This Settlement Agreement is the result of the settlement discussions and is intended to memorialize and supersede the terms set forth in the Confidential Settlement Term Sheet dated February 8, 2022.

Pursuant to the terms set out below, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against CohnReznick and the Released Persons (as defined below) relating to the Data Incident, by and on behalf of Representative Plaintiff and Settlement Class Members (as defined below), and any other such

actions by and on behalf of any other consumers and putative classes of consumers originating, or that may originate, in jurisdictions in the United States against CohnReznick and the Released Persons relating to the Data Incident.

## II.   CLAIMS OF REPRESENTATIVE PLAINTIFF AND BENEFITS OF SETTLING

Representative Plaintiff believes that the claims asserted in the Litigation, as set forth in the Complaint, have merit. Representative Plaintiff and Proposed Settlement Class Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against CohnReznick through motion practice, trial, and potential appeals. They have also taken into account the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation. Proposed Settlement Class Counsel are highly experienced in class action litigation and very knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in such litigation and in this Litigation. They have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

## III.   DENIAL OF WRONGDOING AND LIABILITY

CohnReznick denies each and all of the claims and contentions alleged against it in the Complaint and the Litigation. CohnReznick denies all charges of wrongdoing or liability as alleged, or which could be alleged, in the Complaint and/or in the Litigation. Nonetheless, CohnReznick has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. CohnReznick has taken into account the uncertainty and risks inherent in any litigation, including the possibility of significant financial loss due to this Litigation. CohnReznick has, therefore, determined that it is desirable and

beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement, which settlement is without admission of liability.

## IV.    TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Representative Plaintiff, individually and on behalf of the Settlement Class, Proposed Settlement Class Counsel, and CohnReznick that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties, the Settlement Class, and the Settlement Class Members, except those Settlement Class Members who lawfully opt-out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

### 1.    Definitions

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1    "Action" or "Litigation" means the above-captioned action, currently pending before the Honorable Lewis J. Liman in the United States District Court for the Southern District of New York.

1.2    "Agreement" or "Settlement Agreement" means this agreement.

1.3    "Approved Claims" means Settlement Claims in an amount approved by the Claims Administrator or found to be valid through the Dispute Resolution process.

1.4    "Claims Administration" means the processing and payment of claims received from Settlement Class Members by the Claims Administrator.

1.5    "Claims Administrator" means a company that is experienced in administering class action claims generally and specifically those of the type provided for and

made in data breach litigation, to be jointly agreed upon by the Settling Parties and approved by the Court.

1.6 "Claims Deadline" means the postmark and/or online submission deadline for valid claims pursuant to ¶ 2.1.

1.7 "Claims Referee" means Rodney A. Max.

1.8 "CohnReznick" or "Defendant" means CohnReznick LLP.

1.9 "CohnReznick's Counsel" or "Defendant's Counsel" means Joseph Salvo, Esq. and John T. Mills, Esq. of Gordon Rees Scully Mansukhani, LLP.

1.10 "Costs of Claims Administration" means all actual costs associated with or arising from Claims Administration.

1.11 "Court" means the Honorable Lewis J. Liman, United States District Judge, Southern District of New York, or such other judge to whom the Action may hereafter be assigned.

1.12 "Data Incident" means the data incident against CohnReznick's computer systems that occurred on or about February 26, 2021 through on or about March 5, 2021.

1.13 "Dispute Resolution" means the process for resolving disputed Settlement Claims as set forth in this Agreement.

1.14 "Effective Date" means the first date by which all of the events and conditions specified in ¶ 1.15 herein have occurred and been met.

1.15 "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as that term is defined herein); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such

6

appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review.  Notwithstanding the above, any order modifying or reversing any attorneys' fee award or service award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.16    "Genesis" means Genesis Corp.

1.17    "Judgment" means a judgment rendered by the Court, in the form attached hereto as **Exhibit E**, or a judgment substantially similar to such form.

1.18    "Notice Specialist" means a company or such other notice specialist with recognized expertise in class action notice generally and data security litigation specifically, to be jointly agreed upon by the Settling Parties and approved by the Court.

1.19    "Objection Date" means the date by which Settlement Class Members must mail their objection to the Settlement in order for that request to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes.

1.20    "Opt-Out Date" means the date by which Settlement Class Members must mail their requests to be excluded from the Settlement Class in order for that request to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes.

1.21    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.22    "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class. The Settling Parties' proposed form of Preliminary Approval Order is attached hereto as **Exhibit D**.

1.23    "Proposed Settlement Class Counsel," "Plaintiff's Counsel" and "Class Counsel" means David K. Lietz and Danielle L. Perry of Mason Lietz & Klinger, LLP and M. Anderson Berry, Esq. of Clayeo C. Arnold, a Professional Law Corp.

1.24    "Related Entities" means CohnReznick and Genesis's respective past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, employees, principals, partners, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

1.25    "Released Claims" shall collectively mean any and all claims and causes of action including, without limitation, any causes of action under or relying on the California Consumer Privacy Act; New York General Business Law; negligence; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy/intrusion upon seclusion; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; or any other applicable state law(s); and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a

fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Data Incident and alleged theft of personally identifiable information, protected health information, or other personal information or the allegations, facts, or circumstances described in the Litigation.  Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

        1.26    "Released Persons" means CohnReznick and Genesis and their Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, employees, principals, partners, agents, attorneys, insurers, and reinsurers.

        1.27    "Representative Plaintiff" means Davonna James.

        1.28    "Settlement Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

        1.29    "Settlement Class" means all natural persons residing in the United States who were notified by CohnReznick on behalf of Genesis of the Data Incident.  The Settlement Class specifically excludes: (i) CohnReznick and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of

competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendre* to any such charge.

1.29(a)    "California Settlement Subclass" means all members of the Settlement Class who reside in the State of California.  The Settlement Class and California Settlement Subclass are not co-extensive; *i.e.*, the California Settlement Subclass represents a portion of the Settlement Class.

1.30    "Settlement Class Member(s)" means a Person(s) who falls within the definition of the Settlement Class.

1.30(b)    "California Settlement Subclass Member(s)" means a Person(s) who falls within the definition of the California Settlement Subclass.  California Settlement Subclass Members are also Settlement Class Members.

1.31    "Settling Parties" means, collectively, CohnReznick and Representative Plaintiff, individually and on behalf of the Settlement Class.

1.32    "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including Representative Plaintiff, does not know or suspect to exist in his/her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Representative Plaintiff expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the

10

United States (including, without limitation, California Civil Code §§ 1798.80, *et seq.*, Montana

Code Ann. § 28- 1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws

§ 20-7-11), which is similar, comparable, or equivalent to California Civil Code § 1542, which

provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
> CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
> RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE
> MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
> DEBTOR OR RELEASED PARTY.

Settlement Class Members, including Representative Plaintiff, and any of them, may

hereafter discover facts in addition to, or different from, those that they, and any of them, now

know or believe to be true with respect to the subject matter of the Released Claims, but

Representative Plaintiff expressly shall have, and each other Settlement Class Member shall be

deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally

and forever settled and released any and all Released Claims.  The Settling Parties acknowledge,

and Settlement Class Members shall be deemed by operation of the Judgment to have

acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of

which this release is a part.

      1.33   "United States" as used in this Settlement Agreement includes the District

of Columbia and all territories.

      **2.**   **Settlement Benefits**

      2.1   <u>Expense Reimbursement</u>. All Settlement Class Members who submit a

valid claim using the Claim Form (**Exhibit A** to this Settlement Agreement) are eligible for

reimbursement for the following out-of-pocket expenses, not to exceed **Seven Hundred Fifty**

**Dollars and Zero Cents ($750.00)** per Settlement Class Member, that were incurred as a result of

11

the Data Incident: (i) documented out-of-pocket losses fairly traceable to the Data Incident, including, but not limited to unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after February 26, 2021 through the date of the Claim Deadline; and miscellaneous expenses such as notary, fax, postage, copying, mileage and long-distance telephone charges, that were incurred on or after February 26, 2021 through the date of the Claims Deadline; and (ii) up to four (4) hours of lost time spent in response to the Data Incident, e.g., time spent dealing with replacement card issues, reversing fraudulent charges, (calculated at the rate of Twenty Dollars and Zero Cents ($20.00) per hour), but only if at least one full hour was spent.

Settlement Class Members seeking reimbursement under this ¶ 2.1 must complete and submit a Claim Form to the Claims Administrator, postmarked or submitted online on or before the 90th day after the deadline for the completion of providing notice to Settlement Class Members as set forth in ¶ 3.2 (previously defined as the "Claims Deadline" in ¶ 1.6). The notice to the class will specify this deadline and other relevant dates described herein. The Claim Form must be verified by the Settlement Class Member with a statement that his or her claim is true and correct, to the best of his or her knowledge and belief, and is being made under penalty of perjury. Notarization shall not be required.

The Settlement Class Member must submit reasonable documentation that the out-of-pocket expenses and charges claimed were both actually incurred and plausibly arose from the Data Incident, and that the Settlement Class Member has not been reimbursed for this out-of-pocket loss by another source. Such documentation can include receipts or other documents not "self-prepared" by the Settlement Class Member.  "Self-prepared" documentation such as

handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation.

The Settlement Class member must include an attestation that any lost time incurred is/was reasonably spent in response to the Data Incident together with a description of the time incurred.

Failure to provide supporting documentation and information as requested on the Claim Form shall result in denial of a claim. Disputes as to claims submitted under this paragraph are to be resolved pursuant to the provisions stated in ¶ 2.6.

2.2 <u>Credit Monitoring</u>. All Settlement Class Members who submit a valid claim using the Claim Form (**Exhibit A** to this Settlement Agreement) are eligible to enroll in a total of one (1) year of three (3) bureau credit monitoring services through TransUnion *my*TrueIdentity credit monitoring and identity theft protection service.

Settlement Class Members seeking to be enrolled in credit monitoring services under this ¶ 2.2 must complete and submit a Claim Form to the Claims Administrator, postmarked or submitted online on or before the 90th day after the deadline for the completion of providing notice to Settlement Class Members as set forth in ¶ 3.2 (previously defined as the "Claims Deadline" in ¶ 1.6). The notice to the class will specify this deadline and other relevant dates described herein. The Claim Form must be verified by the Settlement Class Member with a statement that his or her claim is true and correct, to the best of his or her knowledge and belief, and is being made under penalty of perjury. Notarization shall not be required.

Enrollment in credit monitoring services shall be available to Settlement Class Members regardless of whether the Settlement Class Member has submitted a claim for expense reimbursement as set forth in ¶ 2.1. Disputes as to claims submitted under this paragraph are to be resolved pursuant to the provisions stated in ¶ 2.6.

2.3     <u>California Statutory Damages Award.</u>     In addition to the expense reimbursement set forth above in ¶ 2.1 and the credit monitoring services set forth above in ¶ 2.2, all California Settlement Subclass Members who submit a valid claim using the Claim Form (**Exhibit A** to this Settlement Agreement) are eligible for a California statutory damages award in the amount of One Hundred Dollars and Zero Cents ($100.00) per California Settlement Subclass Member.  The amount payable, if any, to a California Settlement Subclass Member shall be subject to the Seven Hundred Fifty Dollars and Zero Cents ($750.00) cap set forth above in ¶ 2.1; *i.e.*, a California Settlement Subclass Member may not file a claim for expense reimbursement as set forth above in ¶ 2.1 and a California statutory damages award under this ¶ 2.3 in excess of Seven Hundred Fifty Dollars and Zero Cents ($750.00) as set forth above in ¶ 2.1.

California Settlement Subclass Members seeking reimbursement under this ¶ 2.3 must complete and submit a Claim Form to the Claims Administrator, postmarked or submitted online on or before the 90th day after the deadline for the completion of providing notice to Settlement Class Members as set forth in ¶ 3.2 (previously defined as the "Claims Deadline" in ¶ 1.6). The notice to the class will specify this deadline and other relevant dates described herein. The Claim Form must be verified by the California Settlement Subclass Member with a statement that his or her claim is true and correct, to the best of his or her knowledge and belief, and is being made under penalty of perjury. Notarization shall not be required.

The California statutory damages award pursuant to this ¶ 2.3 shall be available to California Settlement Subclass Members regardless of whether the California Settlement Subclass Member has submitted a claim for expense reimbursement as set forth in ¶ 2.1 or a claim for credit monitoring services as set forth in ¶ 2.2.  Disputes as to claims submitted under this paragraph are to be resolved pursuant to the provisions stated in ¶ 2.6.

2.4    <u>Remedial    Measures/Security    Enhancements</u>.    CohnReznick    has implemented significant data security measures, which it continues to assess, such as updated policies and procedures, employee education and training, annual compliance tests and penetration testing, and monthly vulnerability assessments.  Nothing about this provision (¶ 2.4) shall create any contractual rights to any present or future equitable remedy requiring CohnReznick to make or maintain any particular security processes or procedures in the future. CohnReznick estimates that the total cost of these data security measures is in excess of $170,000.00 annually.

2.5    <u>Confirmatory Discovery</u>: CohnReznick will provide reasonable access to confidential confirmatory discovery to Class Counsel regarding the facts and circumstances of the Data Incident, CohnReznick's response thereto, and the changes and improvements that have been made or are being made to protect Settlement Class Members' PII and/or PHI, including but not limited to the measures set forth in ¶ 2.4.  This confirmatory discovery will include, at a minimum: (i) documentation regarding updated policies and information security enhancements as set forth above in ¶ 2.4; (ii) the production of the current cybersecurity policies and procedures; and (iii) such other documents as necessary to establish to Class Counsel that CohnReznick has or will implement measures to protect Settlement Class Members' PII and/or PHI from further unlawful intrusions.

2.6    <u>Dispute Resolution for Claims</u>: The Claims Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Settlement Class Member; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the expenses described in ¶ 2.1 and/or entitlement to enrollment in credit monitoring services as described in ¶ 2.2 or the California statutory damages award as described in ¶ 2.3; and (3) the information submitted could

lead a reasonable person to conclude that more likely than not the claimant has suffered the claimed losses as a result of the Data Incident (collectively, "Facially Valid"). The Claims Administrator may, at any time, request from the claimant, in writing, additional information as the Claims Administrator may reasonably require in order to evaluate the claim, e.g., documentation requested on the Claim Form, information regarding the claimed losses, available insurance and the status of any claims made for insurance benefits, and claims previously made for identity theft and the resolution thereof.

2.7     Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is Facially Valid, the Claims Administrator shall request additional information ("Claim Supplementation") and give the claimant twenty-one (21) days to cure the defect before rejecting the claim. Requests for Claim Supplementation shall be made within thirty (30) days of receipt of such Claim Form or thirty (30) days from the Effective Date, whichever comes later, and a copy of the request for Claim Supplementation shall be provided to Class Counsel and counsel for Defendants. In the event of unusual circumstances interfering with compliance during the 21-day period, the claimant may request and, for good cause shown (illness, military service, out of the country, mail failures, lack of cooperation of third parties in possession of required information, etc.), shall be given a reasonable extension of the 21-day deadline in which to comply; however, in no event shall the deadline be extended to later than six (6) months from the Effective Date. If the defect is not cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim.

2.8     Following receipt of additional information requested as Claim Supplementation, the Claims Administrator, in his or her sole discretion, shall have thirty (30) days to accept, in whole or lesser amount, or reject each claim. If, after review of the claim and all

documentation submitted by the claimant, the Claims Administrator determines that such a claim is Facially Valid, then the claim shall be paid.  If the claim is partially Facially Valid, the claim shall be paid to the extent that the Claims Administrator determines the claim to be Facially Valid, and the Claims Administrator shall inform the Settlement Class Member of the determination and inform the claimant of his/her right to dispute the determination in writing and request an appeal within thirty (30) days.  If the claim is not Facially Valid, then the Claims Administrator may reject the claim and inform the claimant of his/her right to dispute the determination in writing and request an appeal within thirty (30) days.

2.9     Claimants shall have thirty (30) days from receipt of the denial or partial denial of a claim from the Claims Administrator to dispute such determination in writing request an appeal.  If a claimant disputes a determination in writing and requests an appeal, the Claims Administrator shall provide a copy of the claimant's dispute, Claim Form, and Claim Supplementation (if any), along with all documentation and other information submitted by the claimant to Class Counsel and Defendant's Counsel.  Counsel will confer regarding the claim submission, and their approval of denial of the claimant's submission, whether in whole or in part, will be final.  If counsel cannot agree on approval or denial of a claimant's submission, in whole or in part, the dispute will be submitted to the Claims Referee.

2.10    If any dispute is submitted to the Claims Referee, the Claims Referee may approve the Claims Administrator's determination by making a ruling within fifteen (15) days. The Claims Referee may make any other final determination of the dispute or request further supplementation of a claim within thirty (30) days. The Claims Referee's determination shall be based on whether the Claims Referee is persuaded that the claimed amounts are reasonably supported in fact and were more likely than not caused by the Data Incident. The Claims Referee

shall have the power to approve a claim in full or in part. The Claims Referee's decision will be final and non-appealable. Any claimant referred to the Claims Referee shall reasonably cooperate with the Claims Referee, including by either providing supplemental information as requested or, alternatively, signing an authorization allowing the Claims Referee to verify the claim through third party sources, and failure to cooperate shall be grounds for denial of the claim in full. The Claims Referee shall make a final decision within thirty (30) days of receipt of all supplemental information requested.

2.11    Settlement Expenses. All costs for notice to the Settlement Class as required under ¶¶ 3.1 and 3.2, Costs of Claims Administration under ¶¶ 8.1, 8.2, and 8.3, and the costs of Dispute Resolution described in ¶¶ 2.6, 2.7, 2.8 and 2.9 shall be paid by CohnReznick.

2.12    Settlement Class Certification. The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class and the California Settlement Subclass. If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class and California Settlement Subclass provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class and the California Settlement Subclass had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue. The Settling Parties' agreement to the certification of the Settlement Class and the California Settlement Subclass is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

2.13    Confidentiality of Information Submitted by Settlement Class Members. Information submitted by Settlement Class Members pursuant to ¶¶ 2.1 through 2.10 of this

Settlement Agreement shall be deemed confidential and protected as such by Class Counsel, Defendant's Counsel, CohnReznick, the Claims Administrator, and/or the Claims Referee, as appropriate.

**3.      Order of Preliminary Approval and Publishing of Notice of Fairness Hearing**

3.1      As soon as practicable after the execution of the Settlement Agreement, counsel for the Settling Parties shall jointly submit this Settlement Agreement to the Court and file a motion for preliminary approval of the settlement with the Court requesting entry of a Preliminary Approval Order in the form attached hereto as **Exhibit D**, or an order substantially similar to such form in both terms and cost, requesting, *inter alia*:

a)      certification of the Settlement Class and the California Settlement Subclass for settlement purposes only pursuant to ¶ 2.12;

b)      preliminary approval of the Settlement Agreement as set forth herein;

c)      appointment of Proposed Settlement Class Counsel as Settlement Class Counsel;

d)      appointment of Representative Plaintiff as Class Representative;

e)      approval of a customary form of short notice to be provided to Settlement Class Members (the "Short Notice") in a form substantially similar to the one attached hereto as **Exhibit B**;

f)      approval of a customary long form of notice ("Long Notice") to be posted on the Settlement Website in a form substantially similar to the one attached hereto as **Exhibit C**, which, together with the Short Notice, shall include a fair summary of the parties' respective litigation positions, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the settlement, the process and instructions for making claims to the extent contemplated herein, and the date, time and place of the Final Fairness Hearing;

g)      appointment of Postlethwaite & Netterville ("P&N") as the Notice Specialist and Claims Administrator;

h)      approval of a claim form substantially similar to that attached hereto as Exhibit A. See ¶¶ 2.1, 2.2 and 2.3 above; and

i)       appointment of Rodney A. Max to serve as Claims Referee.

The Short Notice, Long Notice, and Claim Form have been reviewed and approved by the Notice Specialist and Claims Administrator but may be revised as agreed upon by the Settling Parties prior to submission to the Court for approval.

       3.2    CohnReznick shall pay for providing notice to the Settlement Class in accordance with the Preliminary Approval Order, and the costs of such notice, together with the costs of Claims Administration. Attorneys' fees, costs, and expenses of Class Counsel, and a service award to Class Representative, shall be paid by CohnReznick as set forth in ¶ 7 below.

       3.3    Notice shall be provided to Settlement Class Members via mail to the postal address used for providing notice to the Settlement Class Members by CohnReznick on behalf of Genesis on or about May 14, 2021.  The notice plan shall be subject to approval by the Court as meeting constitutional due process requirements. The Claims Administrator shall establish a dedicated settlement website and shall maintain and update the website throughout the claim period, with the forms of Short Notice, Long Notice, and Claim Form approved by the Court, as well as this Settlement Agreement. A toll-free help line shall be made available to provide Settlement Class Members with additional information about the settlement. The Claims Administrator also will provide copies of the forms of Short Notice, Long Notice, and Claim Form approved by the Court, as well as this Settlement Agreement, upon request.

       3.4    Prior to the Final Fairness Hearing, counsel for the Settling Parties shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with this provision of notice. The Short Notice, Long Notice, and Claim Form approved by the Court may be adjusted by the Notice Specialist and/or Claims Administrator, respectively, in consultation and agreement with counsel for the Settling Parties, as may be reasonable and not inconsistent with such approval.

3.5     The Notice Program shall be completed within thirty (30) days after entry of the Preliminary Approval Order.

3.6     Counsel for the Settling Parties shall request that after notice is completed, the Court hold a hearing (the "Final Fairness Hearing") and grant final approval of the settlement set forth herein.

**4.     Opt-Out Procedures**

4.1     Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked no later than sixty (60) days after the date on which the Court enters a Preliminary Approval Order.

4.2     All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class, as set forth in ¶ 4.1 above, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3     In the event that within ten (10) days after the Opt-Out Date as approved by the Court, there have been more than 20 Opt-Outs (exclusions), CohnReznick may, by notifying Proposed Settlement Class Counsel in writing, void this Settlement Agreement. If CohnReznick voids the Settlement Agreement pursuant to this paragraph, CohnReznick shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Proposed Settlement Class Counsel and Plaintiff's Counsel and service awards.

21

5.      **Objection Procedures**

5.1      Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date. Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing the objector; (v) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years.

5.2      To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court no later than sixty (60) days after the date on which the Court enters a Preliminary Approval Order, and served concurrently therewith upon Proposed Settlement Class Counsel, David K. Lietz, Mason Lietz & Klinger, LLP, 5101 Wisconsin Avenue NW, Suite 305, Washington, DC 20016; and counsel for CohnReznick, Joseph Salvo, Gordon Rees Scully Mansukhani, LLP, One Battery Park Plaza, 28th Floor, New York, NY 10004.

5.3      Any Settlement Class Member who fails to comply with the requirements for objecting in ¶¶ 5.1 and 5.2 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The

exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶¶ 5.1 and 5.2. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under applicable Court rules and not through a collateral attack.

## 6.    Releases

6.1    Upon the Effective Date, each Settlement Class Member, including Representative Plaintiff, and including themselves, their heirs, successors, representatives, assigns, attorneys, agents, executors, trustees and administrators, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Representative Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

## 7.    Plaintiffs' Counsel's Attorneys' Fees, Costs, and Expenses; Service Award to Representative Plaintiff

7.1    The Settling Parties did not discuss the payment of attorneys' fees, costs, expenses and/or service award to Representative Plaintiff, as provided for in ¶¶ 7.2 and 7.3, until after the substantive terms of the settlement had been agreed upon, other than that CohnReznick would pay reasonable attorneys' fees, costs, expenses, and an service award to Representative Plaintiff as may be agreed to by the Settling Parties and/or as ordered by the Court, or, in the event of no agreement, then as ordered by the Court. The Settling Parties then negotiated and agreed as follows:

7.2    CohnReznick has agreed to pay, within thirty (30) days of the Effective Date and subject to Court approval, up to One Hundred Twenty Five Thousand Dollars and Zero Cents ($125,000.00) to Proposed Settlement Class Counsel for attorneys' fees and the reasonable costs and expenses of the Litigation, including the negotiation and implementation of this Settlement Agreement, the Preliminary Approval process, the Claims Administration process, and the Final Fairness Hearing process. Proposed Settlement Class Counsel, in their sole discretion, shall allocate and distribute the amount of attorneys' fees, costs, and expenses awarded by the Court among Plaintiff's Counsel.

7.3    CohnReznick has agreed to pay, within thirty (30) days of the Effective Date and subject to Court approval, a service award in the amount of One Thousand Five Hundred Dollars and Zero Cents ($1,500.00) to Representative Plaintiff, in recognition of the Representative Plaintiff's efforts on behalf of the Settlement Class Members.

7.4    Once paid, Proposed Settlement Class Counsel shall thereafter distribute the award of attorneys' fees, costs, and expenses among Plaintiff's Counsel and service award to Representative Plaintiff consistent with ¶¶ 7.2 and 7.3.

7.5    The amount(s) of any award of attorneys' fees, costs, and expenses, and the service award to Representative Plaintiff, are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees, costs, expenses, and/or service award ordered by the Court to Proposed Settlement Class Counsel or Representative Plaintiff shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

24

8.    **Administration of Claims**

8.1    The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members under ¶¶ 2.1, 2.2 and 2.3. Proposed Settlement Class Counsel and Defendant's Counsel shall be given reports as to both claims and distribution, and have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate. The Claims Administrator and Claims Referee, as applicable, determination of the validity or invalidity of any such claims shall be binding, subject to the dispute resolution process set forth in ¶¶ 2.6-2.10.

8.2    Checks for approved claims shall be mailed and postmarked within twenty-one (21) days of the Effective Date, or within thirty (30) days of the date that the claim is approved, whichever is later.

8.3    All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

8.4    No Person shall have any claim against the Claims Administrator, Claims Referee, CohnReznick, Proposed Settlement Class Counsel, Representative Plaintiff, Plaintiff's Counsel, and/or Defendant's Counsel based on distributions of benefits to Settlement Class Members.

9.    **Payment Schedule**

9.1    CohnReznick shall pay costs sufficient to fund the settlement as follows:

a)    Within thirty (30) days of the Court granting preliminary approval of this Settlement Agreement, CohnReznick shall pay all costs associated with notifying the Settlement Class Members of this

Settlement Agreement in an amount estimated by the Settlement Administrator;

b)  Within thirty (30) days of the Effective Date, CohnReznick shall pay to Class Counsel any attorneys' fees, costs, expenses, and service award pursuant to ¶ 7;

c)  Within thirty (30) days of the Effective Date, CohnReznick shall pay to the Settlement Administrator an amount sufficient to satisfy the full amount of approved claims. To the extent claims are finally approved after the deadline for the initial payment, the Settlement Administrator shall send monthly statements to counsel for CohnReznick with additional amounts due to pay for approved claims, and CohnReznick shall pay those additional amounts within thirty (30) days of each monthly statement. Within thirty (30) days of the Effective Date or within thirty (30) days of the date that the claim is approved, whichever is later, the Settlement Administrator shall mail out payment for all valid claims.

**10.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

10.1    The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

a)  the Court has entered the Order of Preliminary Approval and Publishing of Notice of a Final Fairness Hearing, as required by ¶ 3.1;

b)  CohnReznick has not exercised its option to terminate the Settlement Agreement pursuant to ¶ 4.3;

c)  the Court has entered the Judgment granting final approval to the settlement as set forth herein; and

d)  the Judgment has become Final, as defined in ¶ 1.11.

10.2    If all of the conditions specified in ¶ 10.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated subject to ¶ 10.4 unless the Settling Parties mutually agree in writing to proceed with the Settlement Agreement.

10.3    Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to counsel for the Settling Parties a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

10.4    In the event that the Settlement Agreement is not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms: (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel, and (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*. Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service awards shall constitute grounds for cancellation or termination of the Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, CohnReznick shall be obligated to pay amounts already billed or incurred for costs of notice to the Settlement Class, Claims Administration, and Dispute Resolution pursuant to ¶ 2 above and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

**11.    Miscellaneous Provisions**

11.1    The Settling Parties (i) acknowledge that it is their intent to consummate this agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

11.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises

claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties, and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth herein.

11.3     Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.4     All documents and materials, if any, provided by CohnReznick in confirmatory discovery pursuant to ¶ 2.4 shall be treated as confidential. Such documents and materials, if any, may not be used for any purpose other than confirmatory discovery in this Litigation.

28

11.5    The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

11.6    The Settlement Agreement, together with the Exhibits attached hereto, constitutes the entire agreement among the parties hereto, and no representations, warranties or inducements have been made to any party concerning the Settlement Agreement other than the representations, warranties and covenants contained and memorialized in such document. Except as otherwise provided herein, each party shall bear its own costs. This agreement supersedes all previous agreements made by the parties, including but not limited to the Confidential Settlement Term Sheet fully executed by counsel for the Settling Parties dated February 4, 2022. Proposed Settlement Class Counsel, on behalf of the Settlement Class, is expressly authorized by Representative Plaintiff to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

11.7    Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

11.8    The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

11.9    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

11.10   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

11.11   The Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York.

11.12   As used herein, "he" means "he, she, or it;" "his" means "his, hers, or its," and "him" means "him, her, or it.''

11.13   All dollar amounts are in United States dollars (USD).

11.14   Cashing a settlement check is a condition precedent to any Settlement Class Member's right to receive settlement benefits. All settlement checks shall be void sixty (60) days after issuance and shall bear the language: "This check must be cashed within 60 days, after which time it is void." If a check becomes void, the Settlement Class Member shall have until six months after the Effective Date to request re-issuance. If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, and CohnReznick shall have no obligation to make payments to the Settlement Class Member for expense reimbursement under ¶ 2.1 or ¶ 2.2 or any other type of monetary relief. The same provisions shall apply to any re-issued check. For any checks that are issued or re-issued for any reason more than one hundred eighty (180) days from the Effective Date, requests for re-issuance need not be honored after such checks become void.

11.15   All settlement checks must be cashed within sixty (60) days after issuance pursuant to ¶ 11.14.  To the extent a settlement check is returned and/or not cashed within sixty (60) days after the date of issue, the Settlement Administrator shall: (i) attempt to contact the Settlement Class Member by email and or telephone to discuss how to obtain a reissued check; (ii) if those efforts are unsuccessful, make reasonable efforts to locate an updated address for the Settlement Class Member using advanced address searches or other reasonable methods; and (iii) reissue a check or mail the Settlement Class Member a postcard (either to an updated address if located or to the original address if not) providing information on how to obtain a reissued check.  Any reissued settlement checks shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be cancelled if not cashed by the Settlement Class Member within that time.

11.16   All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

**IN WITNESS WHEREOF**, the parties hereto have caused the Settlement Agreement to be executed.

<u>**SIGNATURES OF THE PARTIES**</u>

**DAVONNA JAMES**

Dated: March __3__, 2022

_Davonna James_
Davonna James (Mar 4, 2022 09:40 PST)

**PROPOSED SETTLEMENT CLASS COUNSEL**

***Mason Lietz & Klinger, LLP***

Dated: March  3 , 2022

*David K Lietz*

| | |
|---|---|
| By: | David K. Lietz, Esq. |
| Title: | Partner |
| Address: | 5101 Wisconsin Avenue NW, Suite 305 |
| | Washington, D.C. 200016 |
| Phone: | (202) 429-2290 |
| Fax: | (202) 429-2294 |
| Email: | dlietz@masonllp.com |

***Clayeo C. Arnold, A Professional Law Corp.***

Dated: March ___, 2022

| | |
|---|---|
| By: | M. Anderson Berry, Esq. |
| Title: | Partner |
| Address: | 865 Howe Avenue |
| | Sacramento, California 95825 |
| Phone: | (916) 777-7777 |
| Fax: | (916) 924-1829 |
| Email: | aberry@justice4you.com |

**COHNREZNICK LLP**

Dated: March ___, 2022    3/4/2022

*Alison Galer*
002BCE5CD35F450...

By:    Alison Galer

Title:    Deputy General Counsel

**PROPOSED SETTLEMENT CLASS COUNSEL**

*Mason Lietz & Klinger, LLP*

Dated: March ___, 2022

_____

| | |
|---|---|
| By: | David K. Lietz, Esq. |
| Title: | Partner |
| Address: | 5101 Wisconsin Avenue NW, Suite 305 |
| | Washington, D.C. 200016 |
| Phone: | (202) 429-2290 |
| Fax: | (202) 429-2294 |
| Email: | dlietz@masonllp.com |

*Clayeo C. Arnold, A Professional Law Corp.*

Dated: March 3, 2022

_____

| | |
|---|---|
| By: | M. Anderson Berry, Esq. |
| Title: | Partner |
| Address: | 865 Howe Avenue |
| | Sacramento, California 95825 |
| Phone: | (916) 777-7777 |
| Fax: | (916) 924-1829 |
| Email: | aberry@justice4you.com |

**COHNREZNICK LLP**

Dated: March ___, 2022

_____

By: _____

Title: _____

**GORDON REES SCULLY MANSUKHANI, LLP, Counsel for CohnReznick, LLP (as to form only)**

Dated: March ___, 2022    3/4/2022

*Joseph Salvo*

| | |
|---|---|
| By: | Joseph Salvo, Esq. |
| Title: | Partner |
| Address: | One Battery Park Plaza, 28th Floor |
| | New York, New York 10004 |
| Phone: | (212) 269-5500 |
| Fax: | (212) 269-5505 |
| Email: | jsalvo@grsm.com |

# EXHIBIT A

*to*
*Settlement Agreement*
*(Claim Form)*

# CLAIM FORM

This claim form should be filled out online or submitted by mail if you received a notification from CohnReznick LLP ("CohnReznick") on behalf of Genesis Corp. relating to a data incident against CohnReznick that occurred on or about February 26, 2021 through on or about March 5, 2021 (the "Data Incident"), and you had out-of-pocket expenses or lost time spent dealing with the Data Incident, or you wish to claim credit monitoring and identity protection services to be paid for by CohnReznick or, if applicable, a California statutory damages award to be paid by CohnReznick. You may get a check if you fill out this claim form, if the settlement is approved, and if you are found to be eligible for a payment.

The settlement notice describes your legal rights and options. Please visit the official settlement administration website, www._____.com, or call 1-_____ for more information.

If you wish to submit a claim for a settlement payment, you need to provide the information requested below. Please print clearly in blue or black ink. This claim form must be mailed and postmarked by _____, **2022**.

1. CLASS MEMBER INFORMATION.

Name (*REQUIRED*): _____

_____
*Number and Street (REQUIRED)*

_____
*City (REQUIRED)*                    *State (REQUIRED)*           *Zip Code (REQUIRED)*

Telephone Number (*REQUIRED*): (    ) _____ Email Address (optional)_____

2. PAYMENT ELIGIBILITY INFORMATION.

Please review the notice and sections 2.1-2.3 of the Settlement Agreement (available at www._____.com) for more information on who is eligible for a payment and the nature of the expenses or losses that can be claimed.

Please provide as much information as you can to help us figure out if you are entitled to a settlement payment.

PLEASE PROVIDE THE INFORMATION LISTED BELOW:

Check the box for each category of benefits you would like to claim. Categories include: out-of-pocket expenses that you had to pay as a result of the Data Incident (up to a maximum of $750.00), time you had to spend dealing with the effects of the Data Incident, one year of TransUnion credit monitoring and identity protection services to be paid for by CohnReznick and, if applicable, a California statutory damages award to be paid by CohnReznick. Please be sure to fill in the total amount you are claiming for each category and to attach documentation of the charges described in bold type (if you are asked to provide account statements as part of proof required for any part of your claim, you may mark out any unrelated transactions if you wish).

     a. Out-of-Pocket Expenses Resulting from the Data Incident:

        _____ I incurred unreimbursed charges incurred as a result of the Data Incident.

        Examples - unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after May 14, 2021, through [INSERT CLAIM DEADLINE]; and miscellaneous expenses such as notary, fax, postage, copying, mileage and long-distance telephone charges, that were incurred on or after May 14, 2021, through [INSERT CLAIM DEADLINE].

        Total amount for this category $ _____

*If you are seeking reimbursement for fees, expenses, or charges, please attach a copy of a statement from the company that charged you, or a receipt for the amount you incurred.*

*If you are seeking reimbursement for credit reports, credit monitoring, or other identity theft insurance product purchased between February 26, 2021, through* ==INSERT CLAIM DEADLINE==*, please attach a copy of a receipt or other proof of purchase for each credit report or product purchased. (Note: By claiming reimbursement in this category, you certify that you purchased the credit monitoring or identity theft insurance product primarily because of the CohnReznick Data Incident and not for any other purpose).*

Supporting documentation must be provided. You may mark out any transactions that are not relevant to your claim before sending in the documentation.

b.   Between one and four hours of documented time spent dealing with the Data Incident

_____ I certify that I spent time dealing with the effects of the Data Incident.

Examples – You spent at least one full hour calling customer service lines, writing letters or emails, or on the Internet in order to get fraudulent charges reversed or in updating automatic payment programs because your card number changed.

I certify that the following amount of time in response to the Data incident:

____ 1 hour          ____ 2 hours          ____ 3 hours          ____ 4 hours

Provide a brief description of the activities performed: _____

_____

_____

_____
_____
_____

c.   Claim for credit monitoring and identity protection services.

_____ I would like to claim 1 year of credit monitoring and identity protection services.

The Settlement requires CohnReznick to provide one year of credit monitoring and identity protection services through TransUnion *my*TrueIdentity to any class member who timely claims it.

d.   Claim for California statutory damages award.

_____ I am a resident of the State of California and would like to claim the California statutory damages award.

The Settlement requires CohnReznick to provide a California statutory damages award to residents of the State of California.  *(Note: By claiming the California statutory damages award, you certify that you are a resident of the State of California).*

3.   SIGN AND DATE YOUR CLAIM FORM.

I declare under penalty of perjury under the laws of the United States and the laws of my State of residence that the information supplied in this claim form by the undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

I understand that I may be asked to provide supplemental information by the Settlement Administrator or Claims Referee before my claim will be considered complete and valid.

| | | |
|---|---|---|
| _____ | _____ | _____ / _____ / _____ |
| *Signature* | *Print Name* | *Month/Day/Year* |

4.   MAIL YOUR CLAIM FORM, OR SUBMIT YOUR CLAIM FORM ONLINE.

This claim form must be:

Postmarked by _____, 2022 and mailed to: _____, c/o _____; OR

Emailed by midnight on _____, 2022 to:_____; OR

Submitted through the Settlement Website by midnight on _____, 2022 at: _____.

# <u>EXHIBIT B</u>

*to*
*Settlement Agreement*
*(Short Notice)*

**IF YOU WERE NOTIFIED BY COHNREZNICK LLP ON BEHALF OF GENESIS CORP. REGARDING THE MARCH 2021 DATA INCIDENT, YOU MAY BE ELIGIBLE FOR  PAYMENT AND CREDIT MONITORING SERVICES FROM A CLASS ACTION SETTLEMENT.**

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A settlement has been reached in a class action lawsuit against CohnReznick LLP ("CohnReznick") relating to a data incident against CohnReznick that occurred on or about February 26, 2021 through March 5, 2021 (the "Data Incident"). The email account that was impacted by the Data Incident potentially contained personal information of certain individuals. Plaintiff claims that CohnReznick was responsible for the incident and asserts claims sounding in negligence, negligence *per se*, violation of the California Consumer Privacy Act, declaratory judgment, and unjust enrichment.  CohnReznick denies all of the claims.

WHO IS INCLUDED? CohnReznick's records show you received a notification from CohnReznick on behalf of Genesis Corp. regarding the Data Incident, and, therefore, you are included in this Settlement as a "Settlement Class Member."

SETTLEMENT BENEFITS. The Settlement provides two types of benefits to people who submit valid claims: 1) reimbursement of up to $750 for out-of-pocket expenses and lost time that resulted from the Data Incident; and 2) one-year of credit monitoring and identity protection services. Additionally, the Settlement provides a California statutory damages award to residents of the State of California who submit valid claims.  In addition to the benefits to the Settlement Class Members who submit valid claims, CohnReznick has and will continue to be taking steps to improve its data security in the future.

THE ONLY WAY TO RECEIVE A BENEFIT IS TO FILE A CLAIM. To get a Claim Form, visit the website or call 1-XXX- XXX-XXXX. The claim deadline is Month Day, 2022.

OTHER OPTIONS. If you do nothing, you will remain in the class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue for the claims resolved by this Settlement. If you do not want to be legally bound by the Settlement, you must exclude yourself by Month Day, 2022. If you stay in the Settlement, you may object to it by Month Day, 2022. A more detailed notice is available to explain how to exclude yourself or object. Please visit the website or call 1-XXX-XXX-XXXX for a copy of the more detailed notice. On Month Day, 2022, the Court will hold a Fairness Hearing to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees and litigation expenses of $125,000, and an incentive award of $1,500 to the Representative Plaintiff. The Motion for attorneys' fees will be posted on the website after it is filed. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. This is only a summary. For more information, call or visit the website below.

www.XXXXXXXXX.com                    1-XXX-XXX-XXXX

# <u>EXHIBIT C</u>

*to*
*Settlement Agreement*
*(Long Notice)*

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# If you were notified by CohnReznick LLP on behalf of Genesis Corp regarding the March 2021 Data Incident, you may be eligible for a payment and credit monitoring services from a class action settlement.

*Para una notificación en Español, visitar* www.XXXXXXXXXXXXX.com*.*

*A state court authorized this Notice. This is not junk mail, an advertisement, or a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against CohnReznick LLP ("CohnReznick") relating to a data incident against CohnReznick that occurred on or about February 26, 2021 through March 5, 2021 (the "Data Incident"). The email account that was impacted by the Data Incident potentially contained personal information of certain individuals.  Plaintiff claims that CohnReznick was responsible for the incident and asserts claims sounding in negligence, negligence *per se*, violation of the California Consumer Privacy Act, declaratory judgment, and unjust enrichment.  CohnReznick denies all of the claims.

- If you received a notification from CohnReznick on behalf of Genesis Corp. of the Data Incident, you are included in this Settlement as a "Settlement Class member."

- The Settlement provides payments to people who submit valid claims for out-of-pocket expenses and lost time relating to the Data Incident, and for credit monitoring and identity protection services.  Additionally, the Settlement provides a California statutory damages award to residents of the State of California who submit valid claims.  In addition to the benefits to the Settlement Class Members who submit valid claims, CohnReznick has and will continue to be taking steps to improve its data security in the future.

- Your legal rights are affected regardless of whether you do or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM BY [DATE] | This is the only way you can get payment. |
| EXCLUDE YOURSELF FROM THE SETTLEMENT BY [DATE] | You will not get any payment from the Settlement, but you also will not release your claims. This is the only option that allows you to be part of any other lawsuit for the legal claims resolved by this Settlement. |

| | |
|---|---|
| **OBJECT TO THE SETTLEMENT BY [DATE]** | Write to the Court with reasons why you do not agree with the Settlement. |
| **GO TO THE FINAL FAIRNESS HEARING ON [DATE]** | You may ask the Court for permission for you or your attorney to speak about your objection at the Final Fairness Hearing. |
| **DO NOTHING** | You will not get any benefits from this Settlement and you will give up certain legal rights. Submitting a claim form is the only way to obtain the benefits from this Settlement. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice. For complete details, view the Settlement Agreement, available at *www.XXXXXXXXXXXXX.com*, or call 1- - - .

- The Court in charge of this case still has to decide whether to grant final approval the Settlement. Payments will only be made after the Court grants final approval of the Settlement and after any appeals are resolved.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 3**

1. Why is this Notice being provided?
2. What is this lawsuit about?
3. What is a class action?
4. Why is there a Settlement?

**WHO IS INCLUDED IN THE SETTLEMENT?** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 3**

5. How do I know if I am part of the Settlement?
6. Are there exceptions to being included in the Settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** . . . . . . . . . . . . . . . . . **PAGE 4**

7. What does the Settlement provide?
8. What payments are available for Expense Reimbursement?
9. What credit monitoring and identity theft protections are available?

**HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM** . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 5**

10. How do I get benefits from the Settlement?
11. How will claims be decided?
12. When will I get my payment?

**REMAINING IN THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 5**

13. Do I need to do anything to remain in the Settlement?
14. What am I giving up as part of the Settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 6**

15. If I exclude myself, can I still get payment from the Settlement?
16. If I do not exclude myself, can I sue HFMI / Dt/ Mary's for the same thing later?
17. How do I get out of the Settlement?

**THE LAWYERS REPRESENTING YOU** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 6**

18. Do I have a lawyer in this case?
19. How will Class Counsel be paid?

**OBJECTING TO THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 6**

20. How do I tell the Court that I do not like the Settlement?
21. What is the difference between objecting to and excluding myself from the Settlement?

**THE COURT'S FINAL FAIRNESS HEARING** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 7**

22. When and where will the Court decide whether to approve the Settlement?
23. Do I have to come to the Final Fairness Hearing?
24. May I speak at the Final Fairness Hearing?

**IF YOU DO NOTHING** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 8**

25. What happens if I do nothing?

**GETTING MORE INFORMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 7**

26.     Are more details about the Settlement available?

27.     How do I get more information?

### BASIC INFORMATION

| 1. Why is this Notice being provided? |
|:---|

The Court directed that this Notice be provided because you have a right to know about a proposed settlement that has been reached in this class action lawsuit and about all of your options before the Court decides whether to grant final approval of the Settlement. If the Court approves the Settlement, and after objections or appeals, if any, are resolved, the Settlement Administrator appointed by the Court will distribute the payments that the Settlement allows. This Notice explains the lawsuit, the Settlement, your legal rights, what payments are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the Southern District of New York. The case is known as *Davonna James, individually and on behalf of all others similarly situated v. CohnReznick LLP*, Case No. 1:21-cv-06544 (the "Lawsuit"). The persons who filed the Lawsuit are called the Plaintiffs and the entity they sued, CohnReznick LLP, is called the Defendant.

| 2. What is this lawsuit about? |
|:---|

The Lawsuit claims that the CohnReznick was responsible for the Data Incident and asserts claims sounding in negligence, negligence *per se*, violation of the California Consumer Privacy Act, declaratory judgment, and unjust enrichment. The Lawsuit seeks, among other things, payment for persons who were injured by the Data Incident.

CohnReznick has denied and continue to deny all of the claims made in the Lawsuit, as well as all charges of wrongdoing or liability against it.

| 3. What is a class action? |
|:---|

In a class action, one or more people called Class Representatives (in this case, Davonna James) sue on behalf of people who have similar claims. Together, all these people are called a Class or Class members. One Court and one judge resolves the issues for all Class members, except for those who exclude themselves from the Settlement Class.

| 4. Why is there a Settlement? |
|:---|

The Court did not decide in favor of the Plaintiff or CohnReznick. Instead, the Plaintiff negotiated a settlement with CohnReznick that allows both Plaintiff and CohnReznick to avoid the risks and costs of lengthy and uncertain litigation and the uncertainty of a trial and appeals. It also allows Settlement Class members to obtain payment and credit monitoring services without further delay. The Class Representative and her attorneys think the Settlement is best for all Settlement Class members. This Settlement does not mean that CohnReznick did anything wrong.

## WHO IS INCLUDED IN THE SETTLEMENT?

**5. How do I know if I am part of the Settlement?**

You are part of this Settlement as a Settlement Class member if you previously received a notification from CohnReznick on behalf of Genesis Corp. pertaining to the Data Incident.

**6. Are there exceptions to being included in the Settlement?**

Yes. Specifically excluded from the Settlement Class are: (i) CohnReznick and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendre* to any such charge.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

**7. What does the Settlement provide?**

The Settlement will provide payments and credit monitoring services to people who submit valid claims.

Settlement Class Members can claim up to $750 each for: (1) Expense Reimbursements (Question 8, below); (2) Lost Time (Question 8, below); and (3) if applicable, California Statutory Damages (Question 8, below). You may submit a claim for either or all types of payments. In order to claim each type of payment, you must provide related documentation with the Claim Form.

Settlement Class Members can also make a claim for 12 months of credit monitoring and identity protection services (Question 9, below).

The Settlement also provides that CohnReznick has made significant information security enhancements. These enhancements include but are not limited to updated policies and procedures, employee education and training, annual compliance tests and penetration testing, and monthly vulnerability assessments.

**8. What payments are available for Expense Reimbursement?**

Class Members are eligible to receive reimbursement of up to $750 (in total) for the following categories of documented out-pocket expenses resulting from the Data Incident including but not limited to:

- unreimbursed losses relating to fraud or identity theft;

- professional fees including attorneys' fees, accountants' fees and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency;

- credit monitoring costs that were incurred on or after February 26, 2021, through the date of the Claim Deadline; and

- miscellaneous expenses such as notary, fax, postage, copying, mileage and long-distance telephone charges, that were incurred on or after February 26, 2021, through the date of the Claims Deadline

Included within the $750, Settlement Class Members may make a claim for up to four hours of lost time spent dealing with the Data Incident, to be paid out at $20 per hour. Such time can include, e.g.:

- time spent dealing with replacement card issues, reversing fraudulent charges, rescheduling medical appointments and/or finding alternative medical care and treatment, retaking or submitting to medical tests, locating medical records, retracing medical history, and any other demonstrable form of disruption to medical care and treatment, but only if at least one full hour was spent.

- Settlement Class Members seeking reimbursement for lost time spent dealing with the Data Incident must include an attestation that any lost time incurred is/was reasonably spent in response to the Data Incident together with a description of the time incurred.

Included within the $750, Settlement Class Members who are residents of the State of California may make a claim for a California statutory damages award in the amount of $100.

## 9. What credit monitoring and identity theft protections are available?

Class Members who submit a valid claim are eligible to enroll in a one (1) year of three (3) bureau credit monitoring services through TransUnion *my*TrueIdentity credit monitoring and identity theft protection service.

More details are provided in the Settlement Agreement, which is available at www.XXXXXXXXXXXXX.com.

### HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM

## 10. How do I get benefits from the Settlement?

To ask for a payment, you must complete and Submit a Claim Form. Claim Forms are available at www.XXXXXXXXXXXXXX.com, or you may request one by mail by calling 1-XXX-XXX-XXXX. Read the instructions carefully, fill out the Claim Form, and mail it postmarked no later than Month Day, 2022 to:

CohnReznick Data Incident Claims Administrator
PO Box XXXXX
City, State zip code

## 11. How will claims be decided?

The Claims Administrator will initially decide whether the information provided on a Claim Form is complete and valid. The Claims Administrator may require additional information from any claimant. If the required information is not timely provided, the claim will be considered invalid and will not be paid.

If the claim is complete and the Claims Administrator denies the claim entirely or partially, the claimant will be provided an opportunity to request review of their claim by Class Counsel and Counsel for Defendants. If Counsel cannot come to an agreement, the dispute will be reviewed by an impartial Claim Referee who has been appointed by the Court. Additional information regarding the claims process can be found in sections 2.6-2.10 of the Settlement Agreement, available at [WEBSITE].

## 12. When will I get my payment?

The Court will hold a Final Fairness Hearing at __:_0_.m. on Month ____, 2022 to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether any appeals can be resolved favorably, and resolving them can take time. It also takes time for all the Claim Forms to be processed, depending on the number of claims submitted and whether any appeals are filed. Please be patient.

### REMAINING IN THE SETTLEMENT

## 13. Do I need to do anything to remain in the Settlement?

You do not have to do anything to remain in the Settlement, but if you want a payment or credit monitoring services you must submit a Claim Form postmarked by **Month Day, 2022**.

## 14. What am I giving up as part of the Settlement?

If the Settlement becomes final, you will give up your right to sue for the claims being resolved by this Settlement. The specific claims you are giving up are listed in Section 1.25 of the Settlement Agreement. You will be "releasing" those persons and related entities as described in Sections 1.24 and 1.26 of the Settlement Agreement. The Settlement Agreement is available at *www.XXXXXXXXXXXX.com*.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions about what this means you can talk to the law firms listed in Question 18 for free or you can, of course, talk to your own lawyer at your own expense.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue about issues in the Litigation, then you must take steps to get out of the Settlement Class. This is called excluding yourself from – or is sometimes referred to as "opting out" of – the Settlement Class.

| **15. If I exclude myself can I still get payment from the Settlement?** |
|---|

No. If you exclude yourself from the Settlement, you will not be entitled to any benefits of the Settlement, but you will not be bound by any judgment in this case.

| **16. If I do not exclude myself can I sue for the same thing later?** |
|---|

No. Unless you exclude yourself from the Settlement, you give up any right to sue for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form to ask for a payment.

| **17. How do I get out of the Settlement?** |
|---|

To exclude yourself from the Settlement, you must send a letter by mail stating that you want to be excluded from the Settlement in *Davonna James, individually and on behalf of all others similarly situated v. CohnReznick LLP*, Case No. 1:21-cv-06544. Your letter must also include your name, address, and signature. You must mail your exclusion request postmarked no later than Month Day, 2022 to:

CohnReznick Data Breach Litigation Exclusions
P.O. Box _____
[City] [ST] _____ - _____

## THE LAWYERS REPRESENTING YOU

| **18. Do I have a lawyer in this case?** |
|---|

Yes. The Court appointed David K. Lietz and Danielle L. Perry of Mason Lietz & Klinger LLP, 5101 Wisconsin Avenue NW, Suite 305 Washington, DC 20016, and M. Anderson Berry of Clayeo C. Arnold, a Professional Law Corp., 865 Howe Avenue, Sacramento, CA 95825 to represent you and other Settlement Class members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **19. How will Class Counsel be paid?** |
|---|

If the Settlement is approved and becomes final, Class Counsel will ask the Court to award attorneys' fees and litigation costs in the amount of $125,000. Class Counsel will also request

approval of an incentive award of and $1,500 for the Class Representative. If approved, these amounts, as well as the costs of notice and settlement administration, will be paid separately by CohnReznick and will not reduce the amount of total payments available to Settlement Class members.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or some part of it.

| |
|---|
| **20. How do I tell the Court that I do not like the Settlement?** |

If you are a Settlement Class member, you can object to the Settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve the Settlement. The Court will consider your views before making a decision. To object, you must file with the Court and mail copies to Class Counsel and CohnReznick's Counsel a written notice stating that you object to the Settlement in *Davonna James, individually and on behalf of all others similarly situated v. CohnReznick LLP*, Case No. 1:21-cv-06544.

Your objection must include:

     (i)     the objector's full name, address, telephone number, and e-mail address (if any);

     (ii)     information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident);

     (iii)     a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

     (iv)     the identity of all counsel representing the objector;

     (v)     a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing;

     (vi)     the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and

     (vii)     a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years.

Your objection must be <u>filed</u> with the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 no later than **Month Day, 2022**. You must also mail copies of your objection to Class Counsel and CohnReznick's Counsel postmarked no later than **Month Day, 2022**, at all of the addresses below.

| CLASS COUNSEL | COHNREZNICK'S COUNSEL |
|---|---|
| David K. Lietz<br>Danielle L. Perry<br>MASON LIETZ & KLINGER LLP<br>5101 Wisconsin Ave. NW Ste. 305<br>Washington, DC 20008<br><br>M. Anderson Berry<br>CLAYEO C. ARNOLD,<br>A PROFESSIONAL LAW CORP.<br>865 Howe Avenue<br>Sacramento, CA 95825 | Joseph Salvo<br>John T. Mills<br>GORDON REES<br>SCULLY MANSUKHANI, LLP<br>One Battery Park Plaza, 28th Floor<br>New York, NY 10004 |

### 21. What is the difference between objecting to and excluding myself from the Settlement?

Objecting is telling the Court that you do not like something about the Settlement. Excluding yourself is telling the Court that you do not want to be part of the Class in this Settlement. If you exclude yourself from the Settlement, you have no basis to object or submit a Claim Form because the Settlement no longer affects you.

### THE COURT'S FINAL FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to. You cannot speak at the hearing if you exclude yourself from the Settlement.

### 22. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Fairness Hearing at :_ 0 _.m. on Month Day, 2022, in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 21B, New York, NY 10007. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will take into consideration any properly-filed written objections and may also listen to people who have asked to speak at the hearing (*see* Question 20). The Court will also decide whether to approve fees and costs to Class Counsel, and the service awards to the Class Representative.

### 23. Do I have to come to the Final Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you file an objection, you do not have to come to Court to talk about it. You may also hire your own lawyer to attend, at your own expense, but you are not required to do so.

**24. May I speak at the Final Fairness Hearing?**

Yes, you may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must follow the instructions provided in Question 20 above. You cannot speak at the hearing if you exclude yourself from the Settlement.

### IF YOU DO NOTHING

**25. What happens if I do nothing?**

If you do nothing, you will not receive any compensation from this Settlement. If the Court approves the Settlement, you will be bound by the Settlement Agreement and the Release. This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit about the issues involved in the Lawsuit, resolved by this Settlement, and released by the Settlement Agreement.

### GETTING MORE INFORMATION

**26. Are more details about the Settlement available?**

Yes. This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which is available at *www.XXXXXXXXXX.com*, or by writing to the CohnReznick Data Incident Settlement Administrator, P.O. Box , [City] [ST] _____- _____.

**27. How do I get more information?**

Go to *www.XXXXXXXXXXXX.com*, call 1 _____, or write to the CohnReznick Data Incident Settlement Administrator, P.O. Box _____, [City] [ST] _____- _____.

***Please do not call the Court or the Clerk of the Court for additional information.***
***They cannot answer any questions regarding the Settlement or the Lawsuit***

# <u>EXHIBIT D</u>

*to*
*Settlement Agreement*
*(Proposed Preliminary Approval Order)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVONNA JAMES, individually and on behalf
of all others similarly situated,

                            Plaintiff,

      -against-

COHNREZNICK LLP,
                        Defendant.

------------------------------------------------------------X

Case No.: 1:21-cv-06544

**[PROPOSED] ORDER**
**GRANTING MOTION FOR**
**PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT**
**AGREEMENT**

      This matter came before the Court on Plaintiff's Motion for Preliminary Approval of Class Settlement Agreement. Plaintiff Davonna James ("Plaintiff" or "Representative Plaintiff"), individually and on behalf of the proposed Settlement Class, and Defendant CohnReznick LLP ("CohnReznick" or "Defendant"), have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation.

      On or about February 26, 2021 through on or about March 5, 2021, CohnReznick was the victim of a data incident in which criminals gained access to one of CohnReznick's employees' email accounts, which contained certain information provided by CohnReznick's client Genesis Corp. ("Genesis"), such as individuals' personally identifiable information ("PII") (hereinafter, the "Data Incident"). CohnReznick discovered the Data Incident on or about March 19, 2021, and promptly remediated the Data Incident, including conducting a forensic investigation with leading cybersecurity consultants to determine the full nature and scope of the Data Incident. The forensic investigation and CohnReznick's internal investigation efforts confirmed that the Data Incident was limited to one (1) employee's email account and did not impact any other email accounts or CohnReznick's servers and/or workstations.

While the forensic investigation and CohnReznick's internal investigation efforts did not identify any evidence of whether any information contained within the impacted email account was actually accessed or acquired as a result of the Data Incident, in an abundance of caution, CohnReznick undertook a comprehensive review of the entire contents of the mailbox to identify any personal information contained therein.  On or about May 6, 2021, CohnReznick completed this comprehensive review process.

Beginning on or about May 14, 2021, CohnReznick, on behalf of Genesis, provided all potentially impacted individuals with notice of the Data Incident, as well as applicable regulating entities.  In total, CohnReznick, on behalf of Genesis, provided notice to 2,219 individuals.  In the notification letter, CohnReznick indicated that, as a result of the Data Incident, "an unauthorized actor may have had access to certain emails and attachments within the Account" and that CohnReznick "cannot determine if any particular email or attachment was viewed."  Further, the notification letter detailed CohnReznick's investigation and restoration efforts, and provided an offer of a complimentary 24-month membership to credit monitoring and identity theft protection services through Kroll.

On or about August 2, 2021, Representative Plaintiff filed her complaint for a putative class action against CohnReznick.  The complaint ("Complaint") asserts five causes of action, all of which allegedly arise from the Data Incident: (1) negligence; (2) negligence *per se*; (3) violation of the California Consumer Privacy Act; (4) declaratory judgment; and (5) unjust enrichment. Representative Plaintiff seeks to represent a putative class defined as "all natural persons residing in the United States whose PII was compromised in the Data Breach which occurred between February 26, 2021 and March 5, 2021 and announced on or about June 1, 2021," as well as a California sub-class defined as "all natural persons residing in California whose PII was

compromised in the Data Breach which occurred between February 26, 2021 and March 5, 2021 and announced on or about June 1, 2021." Further, on or about July 26, 2021, Representative Plaintiff, through her counsel, sent a notice under the California Consumer Privacy Act alleging violations of the California Consumer Privacy Act and demanding that the alleged violations be cured.

On or about August 25, 2021, CohnReznick, through its counsel, responded to Representative Plaintiff's July 26, 2021 notice and outlining that: (1) Representative Plaintiff failed to provide the requisite 30-day notice prior to commencing her lawsuit; (2) the notice fails to provide support for the allegation that Plaintiff's personal information was subject to unauthorized access; and (3) any alleged breach of the California Consumer Privacy Act had been cured by CohnReznick. Representative Plaintiff and CohnReznick agreed that an early resolution of the above-captioned litigation (the "Litigation") was warranted, and engaged in extensive settlement discussions through their counsel. A Confidential Settlement Term Sheet was fully executed on or about February 8, 2022. The Parties have entered into a Settlement Agreement which is the result of the settlement discussions and is intended to memorialize and supersede the terms set forth in the Confidential Settlement Term Sheet dated February 8, 2022. The Parties have agreed to settle this action, pursuant to the terms of the Settlement Agreement, and subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the Settlement which, if approved, will result in dismissal of this action with prejudice.

Having reviewed the Settlement Agreement, including the exhibits attached thereto, and all prior proceedings herein, and for good cause shown, it is hereby ordered that Plaintiff's Motion for Preliminary Approval is granted as set forth herein.[1]

1.    **Class Certification for Settlement Purposes Only**. For settlement purposes only and pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e), the Court provisionally certifies a Settlement Class in this matter defined as follows: All natural persons residing in the United States who were notified by CohnReznick on behalf of Genesis of the Data Incident.

The Settlement Class includes approximately 2,219 people. The Settlement Class specifically excludes: (i) CohnReznick and its officers and directors; (i) CohnReznick and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendre* to any such charge.

Moreover, for settlement purposes only and pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e), the Court provisionally certifies a California Settlement Subclass in this matter defined as follows: All members of the Settlement Class who reside in the State of California.  The Settlement Class and California Settlement Subclass are not co-extensive; *i.e.*, the California Settlement Subclass represents a portion of the Settlement Class.

The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement Agreement.

issues of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representative and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representative has no interest antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

2.    **Settlement Class Representative and Settlement Class Counsel**.

Davonna James is hereby provisionally designated and appointed as the Settlement Class Representatives. The Court provisionally finds that the Settlement Class Representative is similarly situated to absent Class Members and therefore typical of the Class and that she will be an adequate Settlement Class Representative.

The Court finds that the following counsel are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel under Federal Rule of Civil Procedure 23(a)(4): David K. Lietz and Danielle L. Perry of Mason Lietz & Klinger, LLP and M. Anderson Berry of Clayeo C. Arnold, a Professional Law Corp.

3.    **Preliminary Settlement Approval**. Upon preliminary review, the Court concludes and finds that the proposed Settlement is fair, reasonable, and adequate to warrant providing Notice of the Settlement to the Settlement Class and accordingly is preliminarily approved.

4.    <u>**Jurisdiction**</u>. The Court concludes that it has subject matter jurisdiction and personal jurisdiction over the Parties before it for the purposes of the Settlement. Additionally, venue is proper in this Court as a substantial portion of the acts and transactions complained of occurred in this District and CohnReznick conducts business throughout this District.

5.    <u>**Final Approval Hearing**</u>. A Final Approval Hearing shall be held on _____ at ___:_0_.m. on Month , 2022, in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, Courtroom 21B, New York, NY 10007, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e); (b) the Settlement should be finally approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e); (c) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the motion of Settlement Class Counsel for an award of attorneys' fees, costs, and expenses (the "Fee Request") should be approved; and (f) the motion of the Settlement Class Representatives for an Service Award (the "Service Award Request") should be approved. Plaintiffs' Motion for Final Approval of the Settlement, Service Award Request, and Fee Request shall be filed with the Court at least 30 Days prior to the Final Approval Hearing. By no later than 14 Days prior to the Final Approval Hearing, the Parties shall file responses, if any, to any objections, and any replies in support of final approval of the Settlement and/or the Service Award Request and Fee Request.

6.    <u>**Administration**</u>. The Court appoints Postlethwaite & Netterville ("P&N") as the Settlement Administrator, with responsibility for class notice and claims administration and to fulfill the duties of the Settlement Administrator set forth in the Settlement Agreement.

CohnReznick shall pay all costs and expenses associated with providing notice to Settlement Class Members including, but not limited to, the Settlement Administrator's fees, as well as the costs associated with administration of the Settlement.

7.     **Claims Referee**. The Court appoints Rodney A. Max as Claims Referee.

8.     **Notice to the Class**. The proposed Notice Program set forth in the Settlement Agreement, and the Claim Form, Short-Form Notice, and Long-Form Notice attached to the Settlement Agreement as Exhibits A, B, and C satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2) and (e), provide the best notice practicable under the circumstances, and are hereby approved. Non-material modifications to these Exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

Within **30 days from the date of this Order** (the "Notice Deadline"), the Settlement Administrator shall complete the Notice Program in the manner set forth in Section 3 of the Settlement Agreement.

9.     **Findings and Conclusions Concerning Notice**. The Court finds that the form, content, and method of giving notice to the Settlement Class as described in Paragraph 8 of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and the Court concludes that the Notice

Program meets all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.

10.     **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than **60 Days from the date of this Order** (the "Opt-Out Period"). The written notification must include the individual's full name, address, and telephone number; an unequivocal statement that he or she wants to be excluded from the Settlement Class; and the original signature of the individual or a person previously authorized by law, to act on behalf of the individual with respect to the claims asserted in this Action.

The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Settlement Class Counsel may move to file under seal with the Court no later than **10 Days prior to the Final Approval Hearing**.

Any Settlement Class Member who does not timely and validly exclude herself or himself from the Settlement shall be bound by the terms of the Settlement Agreement. If Final Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Order and Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Persons relating to the claims

and transactions released in the Settlement Agreement. All Settlement Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

11.    **Objections and Appearances**. A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement, the Service Award Request, or the Fee Request.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) filed with the Court by the Objection Date; and (b) mailed first-class postage prepaid to Plaintiffs' Counsel and Defendants' Counsel at the addresses listed in the Notice, and postmarked by no later than the Objection Date, as specified in the Notice. For an objection to be considered by the Court, the objection must also include all of the information set forth in Paragraph 5.1 of the Settlement Agreement, which is as follows:

(a)    the objector's full name, address, telephone number, and e-mail address (if any);

(b)    information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident);

(c)    a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

(d)    the identity of all counsel representing the objector;

(e)    a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing;

(f)     the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and

(g)     a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years.

Any Settlement Class Member who fails to comply with the provisions in this Paragraph may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the release in the Settlement Agreement if Final Order and Judgment is entered.

Any Settlement Class Member, including a Settlement Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement, the Service Award Request, or the Fee Request. If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file a notice of appearance with the Court (as well as serve on Settlement Class Counsel and CohnReznick's Counsel) by the Objection Date. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must also identify the attorney(s) representing the objecting Settlement Class Member who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, e-mail address, state bar(s) to which counsel is admitted, as well as associated state bar numbers, and a list identifying all objections such counsel has filed to class action settlements

10

in the past three (3) years, the results of each objection, any court opinions ruling on the objections, and any sanctions issued by a court in connection with objections filed by such attorney. If the objecting Settlement Class Member intends to request the Court for permission to call witnesses at the Final Approval Hearing, the objecting Settlement Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony at least sixty (60) Days before the Final Approval Hearing.

If Final Order and Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the Service Award Request, or the Fee Request.

12.   **Claims Process and Distribution and Allocation Plan**. Settlement Class Representative and Defendants have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves the plan for remuneration described in Section 9 of the Settlement Agreement and directs that the Settlement Administrator effectuate the distribution of Settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit,

but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Settlement Agreement, and the Final Order and Judgment.

13.     **Termination of Settlement**. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the date of the execution of the Settlement Agreement if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14.     **Use of Order**. This Order shall be of no force or effect if Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representative or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

15.     **Stay of Proceedings**. Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Order and Judgment, or until further order of this Court.

16.     **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement

Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

17.    **Summary of Deadlines**. The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

**Notice Completion Deadline**: 30 Days after Preliminary Approval

**Motion for Final Approval**: 30 Days before Final Approval Hearing

**Motion for Service Awards, Attorneys' Fees and Costs**: 14-Days prior to the Objection Deadline and Opt-Out Deadline

**Opt-Out Deadline**: 60 Days after Preliminary Approval

**Objection Deadline**: 60 Days after Preliminary Approval

**Replies in Support of Final Approval, Service Awards and Fee Requests**: 14 Days before Final Approval Hearing

**Claim Deadline**: 90 Days after Notice Deadline

**Final Approval Hearing**: at least 90 Days after Preliminary Approval.

IT IS SO ORDERED this ___ day of _____, 2022.


_____
Hon. Lewis J. Liman, District Judge

# **EXHIBIT E**

*to*
*Settlement Agreement*
*(Proposed Final Approval Order)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DAVONNA JAMES, individually and on behalf
of all others similarly situated,

                        Plaintiff,

     -against-

COHNREZNICK LLP,
                   Defendant.

-----------------------------------------------------------X

Case No.: 1:21-cv-06544

**[PROPOSED] ORDER
GRANTING FINAL APPROVAL
OF CLASS ACTION
SETTLEMENT**

     Before the Court is Plaintiff's unopposed motion requesting that the Court enter an Order granting final approval of the class action Settlement involving Plaintiff Davonna James ("Plaintiff" or "Representative Plaintiff"), individually and on behalf of the proposed Settlement Class, and Defendant CohnReznick LLP ("CohnReznick" or "Defendant"), as fair, reasonable, and adequate.

     Having reviewed and considered the Settlement Agreement and the motion for final approval of the settlement, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

     **THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

     **THE COURT** being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

**IT IS ON THIS** ____ day of _____, 2022,

**ORDERED** that:

1.     The Settlement involves allegations in Plaintiff's Class Action Complaint that Defendant failed to safeguard and protect certain personally identifiable information of Settlement Class Members and that this alleged failure caused injuries to Plaintiffs and the Class.

2.     The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

3.     Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4.     On _____ the Court entered an Order which among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of notice under the Notice Program set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the class, appointed Plaintiffs as the Settlement Class Representatives, and appointed Settlement Class Counsel; (c) preliminarily approved the Settlement; (d); set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator; and (f) set the date for the Final Approval Hearing.

5.     In the Order Granting the Motion for Preliminary Approval of Class Settlement Agreement, pursuant to Federal Rule of Civil Procedure 23(b)(3) and 23(e), for settlement purposes only, the Court certified the Settlement Class, defined as follows: All natural persons residing in the United States who were notified by CohnReznick on behalf of Genesis of the Data Incident.

6.     The Settlement Class specifically excludes: (i) CohnReznick and its officers and directors; (i) CohnReznick LLP ("CohnReznick") and its officers and directors; (ii) all Settlement

Class Members who timely and validly requested exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendre* to any such charge.

Moreover, for settlement purposes only and pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e), the Court certified a California Settlement Subclass in this matter defined as follows: All members of the Settlement Class who reside in the State of California.  The Settlement Class and California Settlement Subclass are not co-extensive; *i.e.*, the California Settlement Subclass represents a portion of the Settlement Class.

7.      The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Federal Rule of Civil Procedure 9-11-23(e), grants final approval of the Settlement Agreement and defines the Settlement Class as defined therein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Federal Rule of Civil Procedure 9-11-23.

8.      The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

a.      A process for Settlement Class Members to submit claims for compensation of up to $750 per Class Member that will be evaluated by a Claims Administrator mutually agreed upon by Settlement Class Counsel and CohnReznick.

b.      A process for Settlement Class Members to submit claims to enroll in complimentary three (3) bureau credit monitoring and identity theft protection services for a period of one (1) year at no cost to Settlement Class Members.

c.      CohnReznick to pay all Notice and Claims Administration costs.

d.      CohnReznick to pay a Court-approved amount for attorneys' fees, costs, and expenses of Settlement Class Counsel of $125,000.

3

e.     CohnReznick to pay a Service Award of $1,500 to the named Plaintiff.

9.     The terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement.

10.     Notice of the Final Approval Hearing, the proposed motion for attorneys' fees, costs, and expenses, and the proposed Service Award payment to Plaintiffs have been provided to Settlement Class Members as directed by this Court's Orders, and an affidavit or declaration of the Settlement Administrator's compliance with the Notice Program has been filed with the Court.

11.     The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2).

12.     As of the final date of the Opt-Out Period, _____ potential Settlement Class Members have submitted a valid Opt-Out Request to be excluded from the Settlement. The names of those persons are set forth in Exhibit A to this Order. Those persons are not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

13.     The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14.     Pursuant to the Settlement Agreement, CohnReznick, the Claims Administrator, and the Claims Referee shall implement the Settlement in the manner and time frame as set forth therein.

15.     Pursuant to the Settlement Agreement, Plaintiff and the Settlement Class Members release claims against CohnReznick and all Released Persons, as defined in the Settlement Agreement, as follows:

> any and all claims and causes of action including, without limitation, any causes of action under or relying on the California Consumer Privacy Act; New York General Business Law; negligence; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy/intrusion upon seclusion; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; or any other applicable state law(s); and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Data Incident and alleged theft of personally identifiable information, protected health information, or other personal information or the allegations, facts, or circumstances described in the Litigation.  Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

16.     On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, (i) Plaintiff and each Settlement Class Member, and each of their respective spouses and children with claims on behalf of the Settlement Class Member, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as parens patriae or on behalf of creditors or estates of the releasors), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Settlement Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be deemed to have, and

5

by operation of the Final Order and Judgment shall have, fully, finally, completely, and forever released and discharged the Released Persons from the Released Claims.

17.     The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

18.     In accordance with Federal Rule of Civil Procedure 23, this Final Order and Judgment resolves all claims against all parties in this Action and is a final order. There is no just reason to delay the entry of final judgment in this matter, and the Clerk is directed to file this Order as the final judgment in this matter.

IT IS SO ORDERED this _____ day of _____, 2022.


_____
Hon. Lewis J. Liman, District Judge

6