UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVONNA JAMES, individually and on behalf
of all others similarly situated,       Case No.: 1:21-cv-06544

                        Plaintiff,       **[PROPOSED] AMENDED ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

    -against-

COHNREZNICK LLP,
                        Defendant.
------------------------------------------------------------X

       This matter came before the Court on Plaintiff's Motion for Preliminary Approval of Class Settlement Agreement. Plaintiff Davonna James ("Plaintiff" or "Representative Plaintiff"), individually and on behalf of the proposed Settlement Class, and Defendant CohnReznick LLP ("CohnReznick" or "Defendant"), have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation.

       On or about February 26, 2021 through on or about March 5, 2021, CohnReznick was the victim of a data incident in which criminals gained access to one of CohnReznick's employees' email accounts, which contained certain information provided by CohnReznick's client Genesis Corp. ("Genesis"), such as individuals' personally identifiable information ("PII") (hereinafter, the "Data Incident"). CohnReznick discovered the Data Incident on or about March 19, 2021, and promptly remediated the Data Incident, including conducting a forensic investigation with leading cybersecurity consultants to determine the full nature and scope of the Data Incident. The forensic investigation and CohnReznick's internal investigation efforts confirmed that the Data Incident was limited to one (1) employee's email account and did not impact any other email accounts or CohnReznick's servers and/or workstations.

1

While the forensic investigation and CohnReznick's internal investigation efforts did not identify any evidence of whether any information contained within the impacted email account was actually accessed or acquired as a result of the Data Incident, in an abundance of caution, CohnReznick undertook a comprehensive review of the entire contents of the mailbox to identify any personal information contained therein. On or about May 6, 2021, CohnReznick completed this comprehensive review process.

Beginning on or about May 14, 2021, CohnReznick, on behalf of Genesis, provided all potentially impacted individuals with notice of the Data Incident, as well as applicable regulating entities. In total, CohnReznick, on behalf of Genesis, provided notice to 2,219 individuals. In the notification letter, CohnReznick indicated that, as a result of the Data Incident, "an unauthorized actor may have had access to certain emails and attachments within the Account" and that CohnReznick "cannot determine if any particular email or attachment was viewed." Further, the notification letter detailed CohnReznick's investigation and restoration efforts, and provided an offer of a complimentary 24-month membership to credit monitoring and identity theft protection services through Kroll.

On or about August 2, 2021, Representative Plaintiff filed her complaint for a putative class action against CohnReznick. The complaint ("Complaint") asserts five causes of action, all of which allegedly arise from the Data Incident: (1) negligence; (2) negligence *per se*; (3) violation of the California Consumer Privacy Act; (4) declaratory judgment; and (5) unjust enrichment. Representative Plaintiff seeks to represent a putative class defined as "all natural persons residing in the United States whose PII was compromised in the Data Breach which occurred between February 26, 2021 and March 5, 2021 and announced on or about June 1, 2021," as well as a California sub-class defined as "all natural persons residing in California whose PII was

compromised in the Data Breach which occurred between February 26, 2021 and March 5, 2021 and announced on or about June 1, 2021." Further, on or about July 26, 2021, Representative Plaintiff, through her counsel, sent a notice under the California Consumer Privacy Act alleging violations of the California Consumer Privacy Act and demanding that the alleged violations be cured.

On or about August 25, 2021, CohnReznick, through its counsel, responded to Representative Plaintiff's July 26, 2021 notice and outlining that: (1) Representative Plaintiff failed to provide the requisite 30-day notice prior to commencing her lawsuit; (2) the notice fails to provide support for the allegation that Plaintiff's personal information was subject to unauthorized access; and (3) any alleged breach of the California Consumer Privacy Act had been cured by CohnReznick. Representative Plaintiff and CohnReznick agreed that an early resolution of the above-captioned litigation (the "Litigation") was warranted, and engaged in extensive settlement discussions through their counsel. A Confidential Settlement Term Sheet was fully executed on or about February 8, 2022. The Parties have entered into a Settlement Agreement which is the result of the settlement discussions and is intended to memorialize and supersede the terms set forth in the Confidential Settlement Term Sheet dated February 8, 2022. The Parties have agreed to settle this action, pursuant to the terms of the Settlement Agreement, and subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the Settlement which, if approved, will result in dismissal of this action with prejudice.

Having reviewed the Settlement Agreement, including the exhibits attached thereto, and all prior proceedings herein, and for good cause shown, it is hereby ordered that Plaintiff's Motion for Preliminary Approval is granted as set forth herein.[1]

**1.     Class Certification for Settlement Purposes Only**. For settlement purposes only and pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e), the Court provisionally certifies a Settlement Class in this matter defined as follows: All natural persons residing in the United States who were notified by CohnReznick on behalf of Genesis of the Data Incident.

The Settlement Class includes approximately 2,219 people. The Settlement Class specifically excludes: (i) CohnReznick and its officers and directors; (i) CohnReznick and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendre* to any such charge.

Moreover, for settlement purposes only and pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e), the Court provisionally certifies a California Settlement Subclass in this matter defined as follows: All members of the Settlement Class who reside in the State of California. The Settlement Class and California Settlement Subclass are not co-extensive; *i.e.*, the California Settlement Subclass represents a portion of the Settlement Class.

The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement Agreement.

issues of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representative and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representative has no interest antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

2. **Settlement Class Representative and Settlement Class Counsel**.

Davonna James is hereby provisionally designated and appointed as the Settlement Class Representatives. The Court provisionally finds that the Settlement Class Representative is similarly situated to absent Class Members and therefore typical of the Class and that she will be an adequate Settlement Class Representative.

The Court finds that the following counsel are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel under Federal Rule of Civil Procedure 23(a)(4): David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC and M. Anderson Berry of Clayeo C. Arnold, a Professional Law Corp.

3. **Preliminary Settlement Approval**. Upon preliminary review, the Court concludes and finds that the proposed Settlement is fair, reasonable, and adequate to warrant providing Notice of the Settlement to the Settlement Class and accordingly is preliminarily approved.

5

4.      **Jurisdiction**. The Court concludes that it has subject matter jurisdiction and personal jurisdiction over the Parties before it for the purposes of the Settlement. Additionally, venue is proper in this Court as a substantial portion of the acts and transactions complained of occurred in this District and CohnReznick conducts business throughout this District.

5.      **Final Approval Hearing**. A Final Approval Hearing shall be held on Sept. 7, 2022 at 2:00 p.m., in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, Courtroom 21B, New York, NY 10007, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e); (b) the Settlement should be finally approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e); (c) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the motion of Settlement Class Counsel for an award of attorneys' fees, costs, and expenses (the "Fee Request") should be approved; and (f) the motion of the Settlement Class Representatives for an Service Award (the "Service Award Request") should be approved. Plaintiffs' Motion for Final Approval of the Settlement, Service Award Request, and Fee Request shall be filed with the Court at least 30 Days prior to the Final Approval Hearing. By no later than 14 Days prior to the Final Approval Hearing, the Parties shall file responses, if any, to any objections, and any replies in support of final approval of the Settlement and/or the Service Award Request and Fee Request.

6.      **Administration**. The Court appoints Postlethwaite & Netterville ("P&N") as the Settlement Administrator, with responsibility for class notice and claims administration and to fulfill the duties of the Settlement Administrator set forth in the Settlement Agreement.

CohnReznick shall pay all costs and expenses associated with providing notice to Settlement Class Members including, but not limited to, the Settlement Administrator's fees, as well as the costs associated with administration of the Settlement.

7. **Claims Referee**. The Court appoints Rodney A. Max as Claims Referee.

8. **Notice to the Class**. The proposed Notice Program set forth in the Settlement Agreement, and the Claim Form, Short-Form Notice, and Long-Form Notice attached to the Settlement Agreement as Exhibits A, B, and C satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2) and (e), provide the best notice practicable under the circumstances, and are hereby approved. Non-material modifications to these Exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

Within **30 days from the date of this Order** (the "Notice Deadline"), the Settlement Administrator shall complete the Notice Program in the manner set forth in Section 3 of the Settlement Agreement.

9. **Findings and Conclusions Concerning Notice**. The Court finds that the form, content, and method of giving notice to the Settlement Class as described in Paragraph 8 of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and the Court concludes that the Notice

7

Program meets all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.

10. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than **60 Days from the date of this Order** (the "Opt-Out Period"). The written notification must include the individual's full name, address, and telephone number; an unequivocal statement that he or she wants to be excluded from the Settlement Class; and the original signature of the individual or a person previously authorized by law, to act on behalf of the individual with respect to the claims asserted in this Action.

The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Settlement Class Counsel may move to file under seal with the Court no later than **10 Days prior to the Final Approval Hearing**.

Any Settlement Class Member who does not timely and validly exclude herself or himself from the Settlement shall be bound by the terms of the Settlement Agreement. If Final Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Order and Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Persons relating to the claims

8

and transactions released in the Settlement Agreement. All Settlement Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

**11.** **Objections and Appearances**. A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement, the Service Award Request, or the Fee Request.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) filed with the Court by the Objection Date; and (b) mailed first-class postage prepaid to Plaintiffs' Counsel and Defendants' Counsel at the addresses listed in the Notice, and postmarked by no later than the Objection Date, as specified in the Notice. For an objection to be considered by the Court, the objection must also include all of the information set forth in Paragraph 5.1 of the Settlement Agreement, which is as follows:

(a) the objector's full name, address, telephone number, and e-mail address (if any);

(b) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident);

(c) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

(d) the identity of all counsel representing the objector;

(e) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing;

      (f)      the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and

      (g)      a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years.

Any Settlement Class Member who fails to comply with the provisions in this Paragraph may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the release in the Settlement Agreement if Final Order and Judgment is entered.

Any Settlement Class Member, including a Settlement Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement, the Service Award Request, or the Fee Request. If an objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he or she must also file a notice of appearance with the Court (as well as serve on Settlement Class Counsel and CohnReznick's Counsel) by the Objection Date. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing through counsel, he or she must also identify the attorney(s) representing the objecting Settlement Class Member who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, e-mail address, state bar(s) to which counsel is admitted, as well as associated state bar numbers, and a list identifying all objections such counsel has filed to class action settlements

in the past three (3) years, the results of each objection, any court opinions ruling on the objections, and any sanctions issued by a court in connection with objections filed by such attorney. If the objecting Settlement Class Member intends to request the Court for permission to call witnesses at the Final Approval Hearing, the objecting Settlement Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony at least sixty (60) Days before the Final Approval Hearing.

If Final Order and Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the Service Award Request, or the Fee Request.

**12.** **<u>Claims Process and Distribution and Allocation Plan</u>**. Settlement Class Representative and Defendants have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves the plan for remuneration described in Section 9 of the Settlement Agreement and directs that the Settlement Administrator effectuate the distribution of Settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit,

but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Settlement Agreement, and the Final Order and Judgment.

13. **Termination of Settlement**. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the date of the execution of the Settlement Agreement if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14. **Use of Order**. This Order shall be of no force or effect if Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representative or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

15. **Stay of Proceedings**. Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Order and Judgment, or until further order of this Court.

16. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement

Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

17. **Summary of Deadlines**. The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

**Notice Completion Deadline**: 30 Days after Preliminary Approval

**Motion for Final Approval**: 30 Days before Final Approval Hearing

**Motion for Service Awards, Attorneys' Fees and Costs**: 14-Days prior to the Objection Deadline and Opt-Out Deadline

**Opt-Out Deadline**: 60 Days after Preliminary Approval

**Objection Deadline**: 60 Days after Preliminary Approval

**Replies in Support of Final Approval, Service Awards and Fee Requests**: 14 Days before Final Approval Hearing

**Claim Deadline**: 90 Days after Notice Deadline

**Final Approval Hearing**: at least 90 Days after Preliminary Approval.

IT IS SO ORDERED this  5th  day of    May    , 2022.

_____
Hon. Lewis J. Liman, District Judge

13

14