UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DAVONNA JAMES, individually and on behalf
of all others similarly situated,

                       Plaintiff,

      -against-

COHNREZNICK LLP,

                    Defendant.

-----------------------------------------------------------X

Case No.: 1:21-cv-06544

**ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT**

Before the Court is Plaintiff's unopposed motion requesting that the Court enter an Order granting final approval of the class action Settlement involving Plaintiff Davonna James ("Plaintiff" or "Representative Plaintiff"), individually and on behalf of the proposed Settlement Class, and Defendant CohnReznick LLP ("CohnReznick" or "Defendant"), as fair, reasonable, and adequate.

Having reviewed and considered the Settlement Agreement and the motion for final approval of the settlement, and having conducted a Final Approval Hearing, and for the reasons and based on the order set forth orally on the record on September 20, 2022, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the

Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

**IT IS ON THIS** 21 day of September, 2022,

**ORDERED** that:

1.      The Settlement involves allegations in Plaintiff's Class Action Complaint that Defendant failed to safeguard and protect certain personally identifiable information of Settlement Class Members and that this alleged failure caused injuries to Plaintiffs and the Class.

2.      The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

3.      Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4.      On May 5, 2022 the Court entered an Order which among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of notice under the Notice Program set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the class, appointed Plaintiffs as the Settlement Class Representatives, and appointed Settlement Class Counsel; (c) preliminarily approved the Settlement; (d); set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator; and (f) set the date for the Final Approval Hearing.

5.      In the Order Granting the Motion for Preliminary Approval of Class Settlement Agreement, pursuant to Federal Rule of Civil Procedure 23(b)(3) and 23(e), for settlement purposes only, the Court certified the Settlement Class, defined as follows: All natural persons residing in the United States who were notified by CohnReznick on behalf of Genesis of the Data Incident.

6.     The Settlement Class specifically excludes: (i) CohnReznick and its officers and directors; (i) CohnReznick LLP ("CohnReznick") and its officers and directors; (ii) all Settlement Class Members who timely and validly requested exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendre* to any such charge.

Moreover, for settlement purposes only and pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e), the Court certified a California Settlement Subclass in this matter defined as follows: All members of the Settlement Class who reside in the State of California.  The Settlement Class and California Settlement Subclass are not co-extensive; *i.e.*, the California Settlement Subclass represents a portion of the Settlement Class.

7.     The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Federal Rule of Civil Procedure 9-11-23(e), grants final approval of the Settlement Agreement and defines the Settlement Class as defined therein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Federal Rule of Civil Procedure 9-11-23.

8.     The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

a.     A process for Settlement Class Members to submit claims for compensation of up to $750 per Class Member that will be evaluated by a Claims Administrator mutually agreed upon by Settlement Class Counsel and CohnReznick.

b.     A process for Settlement Class Members to submit claims to enroll in complimentary three (3) bureau credit monitoring and identity theft protection services for a period of one (1) year at no cost to Settlement Class Members.

c.     CohnReznick to pay all Notice and Claims Administration costs.

    d.      CohnReznick to pay a Court-approved amount for attorneys' fees, costs, and expenses of Settlement Class Counsel of $125,000.

    e.      CohnReznick to pay a Service Award of $1,500 to the named Plaintiff.

9.     The terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement.

10.    Notice of the Final Approval Hearing, the proposed motion for attorneys' fees, costs, and expenses, and the proposed Service Award payment to Plaintiffs have been provided to Settlement Class Members as directed by this Court's Orders, and an affidavit or declaration of the Settlement Administrator's compliance with the Notice Program has been filed with the Court.

11.    The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2).

12.    As of the final date of the Opt-Out Period, one potential Settlement Class Members has submitted a valid Opt-Out Request to be excluded from the Settlement. That person is named Thomas Schleyer. That person is not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

13.    The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14.     Pursuant to the Settlement Agreement, CohnReznick, the Claims Administrator, and the Claims Referee shall implement the Settlement in the manner and time frame as set forth therein.

15.     Pursuant to the Settlement Agreement, Plaintiff and the Settlement Class Members release claims against CohnReznick and all Released Persons, as defined in the Settlement Agreement, as follows:

> any and all claims and causes of action including, without limitation, any causes of action under or relying on the California Consumer Privacy Act; New York General Business Law; negligence; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy/intrusion upon seclusion; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; or any other applicable state law(s); and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Data Incident and alleged theft of personally identifiable information, protected health information, or other personal information or the allegations, facts, or circumstances described in the Litigation.  Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

16.     On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, (i) Plaintiff and each Settlement Class Member, and each of their respective spouses and children with claims on behalf of the Settlement Class Member, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as parens patriae or on behalf of creditors or estates of

5

the releasors), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Settlement Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, completely, and forever released and discharged the Released Persons from the Released Claims.

17.     The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

18.     In accordance with Federal Rule of Civil Procedure 23, this Final Order and Judgment resolves all claims against all parties in this Action and is a final order. There is no just reason to delay the entry of final judgment in this matter, and the Clerk is directed to file this Order as the final judgment in this matter.

IT IS SO ORDERED this 21 day of September, 2022.

_____
Hon. Lewis J. Liman, District Judge